UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HOWARD WERT and JOANN WERT | ) |
| | ) |
| v. | ) NO. 3:04-1094 |
| | ) JUDGE ECHOLS |
| LA QUINTA INNS, INC. | ) |

**MEMORANDUM**

Before the Court are Plaintiffs' Revised Deposition Designations (Docket Entry No. 135) and Defendant's Objections and Plaintiffs' Response (Docket Entry No. 137-154).

Defendant's objections concern: (1) Plaintiffs' medical invoice billing summary with its attachments (Docket Entry Nos. 138-143); (2) three demonstrative exhibits used by Plaintiffs' counsel at the proof deposition of Dr. John Barker (Docket Entry Nos. 151-153); and (3) various evidentiary objections to proof and discovery deposition excerpts that Plaintiffs have designated for admission into the evidentiary record.

**Medical invoice billing summary with attachments**

Defendant first objects to admission into evidence of Plaintiff Howard Wert's medical invoice summary with attachments that was discussed during the proof depositions of Dr. John Barker (Deposition Ex. 8) and Dr. Elizabeth Bisgard. The attachments purport to demonstrate charges billed by Plaintiff Wert's various medical providers for medical services they provided to Plaintiff Wert between November 2003 and 2007. These medical bills were not sent directly to Plaintiff Wert and he did not testify about them.

1

Rather, the medical charges represented in Deposition Ex. 8 to Dr. Barker's deposition were sent by medical providers to the worker's compensation carrier for Plaintiff Wert's employer, Xcel Energy.

Defendant asserts that Plaintiffs failed to disclose these materials in a timely manner during discovery, Plaintiffs did not lay a proper foundation for admission of these materials into evidence through the testimony of Dr. Barker and Dr. Bisgard, and Plaintiffs failed to provide Defendant with all of the underlying medical billing records so consequently the summary of Plaintiff Wert's medical expenses prepared by Plaintiffs' counsel does not comply with Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 1006.

Plaintiffs do not dispute that they provided the medical billing summary for the first time and supplemented their discovery responses concerning Plaintiff Howard Wert's medical bills after the discovery depositions and just days before the parties took the proof depositions of Dr. Barker and Dr. Bisgard. (Barker Depo. at 77.) Plaintiffs urge the Court to admit the medical billing summary and its attachments into evidence on the authority of <u>Long v. Mattingly</u>, 797 S.W.2d 889 (Tenn. Ct. App. 1990) and <u>State v. Wiseman</u>, 643 S.W.2d 354 (Tenn. Ct. Crim. App. 1982). In <u>Long</u>, 797 S.W.2d at 893, the Tennessee Court of Appeals stated that a "physician who is familiar with the extent and nature of the medical treatment a party has received may give an opinion concerning the necessity of another physician's services and the

2

reasonableness of the charges." To be qualified to render such opinions, the physician must demonstrate:

> (1) knowledge of the party's condition, (2) knowledge of the treatment the party received, (3) knowledge of the customary treatment options for the condition in the medical community where the treatment was rendered, and (4) knowledge of the customary charges for the treatment.

Id. The summary prepared by the lawyer in Long showed the name of each provider, the date the service or product was provided, a description of the service or product, and the charge for the service or product. Id. Here, the summary prepared by Plaintiff Wert's lawyer includes the name of the provider, the date(s) of service, and the amount(s) charged. Plaintiff's summary does not provide a description of each service or product provided. To discern that information, the reader must turn to the underlying attachments; however, some of the attached forms do not describe the medical service provided and only numeric codes appear. The Court is unable to decipher what the codes mean.

In Long, 797 S.W.2d at 893, the appellate court expressly noted that the "bills themselves were properly introduced into evidence at trial, and even a cursory comparison of the tabulation and the bills reveals that the bills themselves contain no relevant information that did not also appear on the tabulation." Under such circumstances, the court held, the trial court properly found that the plaintiff's "medical experts could base their opinion on the necessity and reasonableness of the treatment and charges based on their personal knowledge of her condition and their review of the abstract of the bills." Id.

3

In this case, Plaintiffs did not properly introduce all of the bills themselves into evidence at trial. Plaintiffs did not call any custodial witnesses to lay foundation for the introduction of medical records into evidence under the hearsay exception of Federal Rule of Evidence 803(6), nor did Plaintiffs proceed by certification under Federal Rule of Evidence 902(11). During their proof depositions, Dr. Barker and Dr. Bisgard appeared to examine Plaintiffs' medical billing summary and the attachments for the first time. Neither physician testified to having first-hand knowledge about generation of their own medical bills, let alone first-hand knowledge about the generation of other providers' medical bills. Yet, these physicians purported to testify over objection that all of the medical charges represented on the medical billing summary-including their own charges and those of other providers-were reasonable and customary. The Court concludes that Plaintiffs' approach attempts to stretch <u>Long</u> too far. Had the Plaintiffs properly introduced all of the medical records into evidence, Dr. Barker and Dr. Bisgard, if otherwise qualified under <u>Long</u>, could offer their opinions that the medical treatment Plaintiff Wert received from other medical providers was necessary and reasonable based on their personal knowledge of his condition and their review of the medical billing summary. But Plaintiffs did not properly introduce the medical records into evidence.

The <u>Wiseman</u> case does not offer Plaintiffs any assistance. In that case, the appellate court held the trial court properly admitted into evidence a summary chart where voluminous business

4

records represented on the chart had been introduced properly into evidence. Wiseman, 643 S.W.2d at 365. The court reiterated familiar law that such a summary or abstract is permissible if it is "based on facts in evidence, verified by the testimony of the preparer, and provided the adverse party is allowed to examine [the facts] to test their correctness by cross-examination." Id. Here, neither Dr. Barker nor Dr. Bisgard prepared the medical billing summary, they had not previously seen the medical summary and the underlying documents prior to their proof depositions, and they lacked sufficient personal knowledge to testify that the summary chart accurately represented the content of the attached documents.

Dr. Barker testified that he did not keep patients' bills with his medical records, he did not have personal responsibility for handling medical billing, and that if someone with a signed authorization were to request a copy of a patient's medical invoices from his office he had no idea whether those invoices would be made available. (Barker Depo. at 40-41, 80.) Neither Dr. Barker nor Dr. Bisgard had any personal knowledge of the billing practices of other health care providers listed on the summary.

During his own discovery deposition, Plaintiff Howard Wert testified that he could not tell defense counsel the amount of damages he was seeking for his medical expenses, nor could he state any amount for compensatory damages, including damages for pain and suffering. Plaintiff also had "no idea" how much he was seeking for lost wages because "that's what I have my attorney for, to help me with these things." (Docket Entry No. 137-3, Wert Depo. at 282,

5

286.) Thus, Defendant was dependent upon the discovery disclosures made by Plaintiffs' counsel to ascertain some idea of the nature and amount of Plaintiffs' damages.

It appears that, in response to discovery requests, Plaintiffs' counsel provided to defense counsel in 2005 and 2006 copies of medical expense summaries, bills, and other documents that counsel received from the worker's compensation insurer pursuant to its subrogation claim. In September 2006, Plaintiffs' counsel provided the defense with a signed medical authorization and acknowledged that Defendant would independently obtain the medical records. (Docket Entry No. 137-5.) Although Defendant subpoenaed the doctors' medical billing records, the doctors' compliance with the subpoenas was incomplete. Defendant's counsel admitted during trial that they made no effort to obtain a court order here or in Colorado to compel the doctors to turn over complete medical billing records pursuant to the subpoenas. Attorneys for the Plaintiffs again supplemented the medical documents in 2006 and 2007, but they did not provide defense counsel with the final medical billing summary and itemization of medical expense damages until Thursday, March 1, 2007, just before the parties were scheduled to take the doctors' proof depositions in Denver starting on Monday, March 5, 2007. By that time, discovery was closed, and it does not appear that Plaintiffs ever provided to the defense or the Court the underlying medical invoices for all of the damages sought. Many of the bills provided did not describe the medical procedure performed and merely listed

6

a medical billing code which cannot be deciphered.  This tactic or negligence on the part of Plaintiffs' trial counsel violated discovery rules and was prejudicial to Defendant's counsel in preparing for and cross-examining Plaintiffs' expert witnesses. Moreover, as explained above, Plaintiffs did not lay adequate foundation for the admission into evidence of the medical billing summary and the attached documents.

During trial the Court addressed Defendant's ongoing contention that Plaintiffs' counsel did not properly introduce into evidence the medical billing summary and the documents attached to it during the proof deposition of Dr. Barker.  During Dr. Barker's proof deposition, Plaintiffs' counsel referred to numerous exhibits, but a clear evidentiary record of the exhibits was not made.  On the morning of March 6, 2007, at the start of the deposition of Michelle Scholes, following the deposition of Dr. Barker on March 5, defense counsel stated: "counsel and myself have agreed to read through the trial exhibits that have been introduced yesterday for the deposition of Dr. Barker."  (Docket Entry No. 156-6.)  Defense counsel then made a list of the exhibits, including Exhibit 8, "the medical bills and invoices."  After reciting the list of the parties' exhibits, defense counsel stated: "And plaintiffs and defendant reserve their rights for objections to the introduction of these exhibits that were expressed during the deposition yesterday evening."  (Id., Scholes Depo. at 5-6.) Ruling at trial on Defendant's motion for judgment as a matter of law, the Court stated:

7

> So there was an agreement to read through the trial exhibits that have been introduced in the deposition of Dr. Barker. And then Mr. Bowman proceeded to describe each exhibit in a brief form. And it included some of the same documents that have been referred to so far in this case.
> 
>   Now, that doesn't complete the inquiry about all the damages, of course. But it does indicate to the Court that there was an agreement between the lawyers that these exhibits that are noted in that deposition were intended by the lawyers at that time to be included as part of the trial exhibits, to be introduced in connection with that witness's testimony.

(Trial Tr. at 371-372.) The Court's statements at trial were not meant to convey that the Court admitted Exhibit 8 to Dr. Barker's proof deposition into evidence at trial. Rather, the Court simply recognized that the parties made an agreement after Dr. Barker's proof deposition to clarify the record of that deposition, and that Exhibit 8 was one of the exhibits offered for admission into evidence. For the reasons stated in this Order, Defendant's objections to the medical billing summary and the attached documents on the grounds of lack of foundation, hearsay, and violation of Rules 26 and 1006 are hereby sustained. <u>Exhibit 8</u> to Dr. Barker's proof deposition is not admitted into evidence, nor is the same exhibit admitted into evidence as part of Dr. Bisgard's proof deposition.

**<u>Demonstrative exhibits used at Dr. Barker's proof deposition</u>**

Although Defendant presented copies of three demonstrative exhibits used at Dr. Barker's proof deposition, it appears that Defendant objects only to the admission of demonstrative Exhibits 2 and 3 (Docket Entry Nos. 151-152). (Docket Entry No. 137,

8

Defendant's Objections at 8-9.) Any objection to Exhibit 9 at the proof deposition (Docket Entry No. 153) is overruled.

Dr. Barker testified that he performed both anterior and posterior surgery on Plaintiff Howard Wert on May 7, 2004. He further testified that Exhibit 2 accurately depicted only about thirty percent (30%) of the medical procedure he conducted, and the exhibit depicted the anterior procedure only. (Proof Deposition of Dr. Barker at 22-23.) Dr. Barker also testified that Exhibit 3 did not accurately show Plaintiff's spine with the inserted hardware after Dr. Barker performed surgery on May 7, 2004. Dr. Barker testified that the exhibit was cut off so that the x-ray did not show L5-S1, an area of the spine in which he inserted additional screws and cages. Otherwise, these two exhibits assisted Dr. Barker in explaining the surgery he performed on Plaintiff. (Id. at 24.)

Defendant's objection to admission of these two demonstrative exhibits is sustained in part and overruled in part. Demonstrative exhibits 2 and 3 to Dr. Barker's proof deposition are admitted into evidence for the limited purpose of assisting Dr. Barker in explaining the type of medical procedures he performed on Plaintiff, as well as the types of medical devices he used to perform the fusion surgery. Exhibits 2 and 3 do not accurately show the extent of the surgery Dr. Barker performed and they are not admitted for that purpose.

9

**Evidentiary objections to proof and discovery deposition excerpts**

As to each objection Defendant made to Plaintiffs' designated deposition excerpts, the Court rules as follows:

**Proof Deposition of John R. Barker, M.D.:**

| PAGE/LINE(S) | RULING | GROUND, IF SUSTAINED |
|---|---|---|
| 23 line 19 | overruled | |
| 24 lines 6 & 19 | overruled | |
| 31 line 12 | overruled | |
| 44 line 13 | overruled | |
| 57 line 9 | overruled | |
| 57 line 18 | overruled | |
| 58 line 4 | sustained | leading |
| 58 line 7 | overruled | |
| 59 lines 1 & 10 | sustained | leading |
| 59 line 20 | overruled | |
| 60 lines 1 & 11-12 | overruled | |
| 60 lines 17-18 | overruled | |
| 60 lines 22-23 | sustained | hearsay |
| 61 lines 4-5 | sustained | foundation |
| 61 lines 16-17 | sustained | foundation |
| 62 lines 6-7 | overruled | |
| 62 lines 23-24 | sustained | speculation |
| 63 lines 9 & 15-17 | overruled | |
| 64 lines 8 & 16-17 | overruled | |
| 66 lines 2-3 & 16 | overruled | |
| 68 lines 3-4 | sustained | foundation |
| 69 lines 1-3 | sustained | foundation |
| 70 lines 2-3 & 9-10 | overruled | |

Case 3:04-cv-01094   Document 165   Filed 02/13/08   Page 10 of 13 PageID #: 2083

| PAGE/LINE(S) | RULING | GROUND, IF SUSTAINED |
|---|---|---|
| 71 lines 1-2 & 18-21 | overruled | |
| 72 line 9 | overruled | |
| 72 line 21 | sustained | leading |
| 74 lines 3-5 | overruled | |
| 75 lines 10-11 | overruled | |
| 76 line 12 | sustained | leading |
| 79 lines 23-24 | sustained | foundation, discovery violation |
| 81 lines 4 & 20 | overruled | |
| 85 line 20 | overruled | |
| 133 line 8 | overruled | |
| 133 line 19 | sustained | leading |
| 134 lines 14 & 21 | overruled | |
| 135 lines 4-5 | overruled | |

**Proof Deposition of Elisabeth Bisgard, M.D.:**

| PAGE/LINE(S) | RULING | GROUND, IF SUSTAINED |
|---|---|---|
| 41 lines 13 & 19-24 | overruled | |
| 46 lines 22-25 | sustained | foundation |
| 50 lines 15-16 | sustained | foundation |
| 51 lines 2-4 | sustained | foundation |
| 52 lines 8-9, 12, 17 & 20-21 | sustained | foundation |
| 53 lines 5-6 & 21-22 | sustained | foundation |
| 61 lines 6-7 | sustained | hearsay |
| 110 lines 10-14 | overruled | |
| 113 line 7 | overruled | |

**Discovery Deposition of Fred Prutch:**

| PAGE(S)/LINE(S) | RULING | GROUND, IF SUSTAINED |
|---|---|---|
| 29 line 20 to 30 line 6 | sustained | hearsay |
| 35 line 24 to 36 line 9 | sustained | hearsay |
| 38 line 10 to 39 line 15 | sustained | hearsay |
| 52 line 23 to 53 line 9 | overruled | |

**Discovery Deposition of Margaret McParland:**

| PAGE(S)/LINE(S) | RULING | GROUND, IF SUSTAINED |
|---|---|---|
| 48 lines 16 to 21 | sustained | hearsay |
| 62 line 25 to 63 line 19 | overruled | |
| 63 line 20 to 64 line 4 | sustained | hearsay |
| 64 lines 5 to 16 | sustained | hearsay |

**Discovery Deposition of George Hess:**

| PAGE(S)/LINE(S) | RULING | GROUND, IF SUSTAINED |
|---|---|---|
| 55 line 12 to 56 line 4 | sustained | hearsay |
| 57 lines 1-6 | sustained | hearsay |
| 59 lines 12-20 | sustained | hearsay |
| 60 lines 2-10 | sustained | hearsay |

    An appropriate Order will be entered.

_/s/ Robert L. Echols_
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

13